IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON KITTLES, | CASE NO. CV-F-05-1046 REC DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| ROBERT HARO, et al., | |
| Defendants. | [Doc. 1] |

Plaintiff Vernon Kittles is a federal prisoner proceeding pro se and in forma pauperis in this civil action seeking relief pursuant to the Federal Tort Claims Act. The Court originally opened this case as one made pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. However, plaintiff has advised that he instead seeks relief pursuant to the Federal Tort Claims Act. The case was transferred to this Court on August 15, 2005.

A.   <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at United States Penitentiary-Atwater, where plaintiff was incarcerated at the time. Plaintiff names Bureau of Prisons (BOP) Director Harley G. Lappin, BOP Western Region Director Robert Haro, Warden Paul M. Schultz, and Mark Hellner as defendants. Plaintiff alleges that he was deliberately maimed by prison officials and was denied medical care while in prison. Plaintiff seeks relief under the Federal Tort Claims Act.

"The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Accordingly, plaintiff's FTCA claim against defendants Haro, Schultz, Hellner and Cappin fails as a matter of law.

In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff fails to allege in his complaint that he presented a claim to the appropriate federal agency.

Plaintiff's allegation that he filed an inmate appeal does not satisfy the exhaustion requirement with respect to his FTCA claim.

Plaintiff has failed to state a claim under the FTCA. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order.
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   December 2, 2005**          **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE