IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

VERNON KITTLES,                  )        1:05-cv-01046-OWW-DLB-P
                                 )
            Plaintiff,           )
                                 )        **FINDINGS AND RECOMMENDATIONS**
vs.                              )        **RE DISMISSAL OF ACTION**
                                 )        (Doc. 13)
ROBERT HARO, et al.,             )
                                 )
            Defendants.          )
_____)

     Plaintiff, Vernon Kittles ("plaintiff"), is a federal prisoner

proceeding pro se and in forma pauperis in this civil rights action

pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

<u>Narcotics</u>, 403 U.S. 388 (1971).  The matter was referred to a

United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and Local Rule 72-302.

     On December 5, 2005, the court issued an order requiring

plaintiff to file an amended complaint curing the deficiencies

identified therein, within thirty (30) days from the date of

service of that order.  On December 15, 2005, plaintiff filed a

motion to amend.  On August 31, 2006, the court denied the motion

as moot, and granted plaintiff thirty (30) days within which to

1

comply.  On September 27, 2006, the order served on plaintiff was returned by the United States Postal Service as undeliverable.  A notation on the envelope indicated: Return to Sender - Forwarding Order Expired.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since plaintiff's mail was returned, and he has not notified the court of a current address.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

2

failure to comply with an order requiring amendment of complaint);
Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
failure to comply with local rule requiring pro se plaintiffs to
keep court apprised of address); Malone v. U.S. Postal Service, 833
F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
1986)(dismissal for failure to lack of prosecution and failure to
comply with local rules).

In determining whether to dismiss an action for lack of
prosecution, failure to obey a court order, or failure to comply
with local rules, the court must consider several factors: (1) the
public's interest in expeditious resolution of litigation; (2) the
court's need to manage its docket; (3) the risk of prejudice to the
defendants; (4) the public policy favoring disposition of cases on
their merits; and, (5) the availability of less drastic
alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's
interest in expeditiously resolving this litigation and the court's
interest in managing the docket weigh in favor of dismissal.  The
third factor, risk of prejudice to defendants, also weighs in favor
of dismissal, since a presumption of injury arises from the
occurrence of unreasonable delay in prosecuting an action.
Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
factor -- public policy favoring disposition of cases on their
merits -- is greatly outweighed by the factors in favor of
dismissal discussed herein.  Finally, a court's warning to a party

3

1  that his failure to obey the court's order will result in dismissal

2  satisfies the "consideration of alternatives" requirement.   <u>Ferdik</u>

3  <u>v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>,

4  779 F.2d at 1424.   The court's initial order of December 5, 2005,

5  expressly stated: "If plaintiff fails to comply with this order,

6  this action will be dismissed for failure to obey a court order."

7  Thus, plaintiff had adequate warning that dismissal would result

8  from non-compliance with the court's order(s).

9       Accordingly, the court HEREBY RECOMMENDS that this action be

10 DISMISSED based on plaintiff's failure to obey the court's order of

11 December 5, 2005.

12      These Findings and Recommendations are submitted to the United

13 States District Judge assigned to the case, pursuant to the

14 provisions of Title 28 U.S.C. § 636(b)(l).   Within **eleven (11) days**

15 after being served with these Findings and Recommendations,

16 plaintiff may file written objections with the court.   Such a

17 document should be captioned "Objections to Magistrate Judge's

18 Findings and Recommendations."   Plaintiff is advised that failure

19 to file objections within the specified time may waive the right to

20 appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153

21 (9th Cir. 1991).

22      IT IS SO ORDERED.

23 **Dated:   December 15, 2006**                    /s/ **Dennis L. Beck**

3c0hj8                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                      4